(No. 4221- )

HELEN M. KASPARI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

JAMES W. BREEN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Helen M. Kaspari, seeks to recover from respondent under Section 3 of the Workmen's Occupational Diseases Act, because she contracted tuberculosis while employed as a registered nurse at the Chicago State Hospital, operated by the Department of Public Welfare.

In 1935, claimant entered State service. In 1936, she was transferred to the Chicago State Hospital, and worked as a registered nurse until June, 1947. In that month, after failing to throw off a slight cold, claimant was examined, and found to have arrested minimal tuberculosis in the right upper lobe. Sputum examinations were negative.

Claimant was hospitalized at the Chicago State Hospital for approximately a month, beginning in July, and ending in August, 1947. After hospitalization, claimant took a leave of absence, which continued until March, 1948. However, during her leave of absence, claimant rested, and was examined periodically.

In March, 1948, the Medical Advisory Committee on Chest Diseases at the Chicago State Hospital agreed that claimant's tuberculosis was arrested, and she was reinstated, and returned to duty.

In September, 1948, reactivation of her tuberculosis was indicated, and claimant was again hospitalized until November, 1948.

In December, 1948, claimant entered the Edwards Sanitorium, Naperville, Illinois, a private institution, where she remained until April, 1949, when lack of funds compelled her to return to her home, and continue rest there. This institution reported one positive sputum examination.

In August, 1949, another examination at the Chicago State Hospital disclosed further instability and activation of claimant's tuberculosis, and, sanitorium care being advised, claimant entered the Chicago Municipal Tuberculosis Sanitorium where she was a patient at the time of the hearing of this case earlier this year.

From 1940 on, claimant worked on the night shift from 11 P.M. to 7 A.M.. Her duties required her to enter, and regularly work in the acute hospital, the tuberculosis wards, the violent wards, and infirmaries.

For a considerable period prior to June, 1947, and again in the period from March to September, 1948, claimant worked seven days per week with no day off. Claimant testified that such a heavy work schedule tired her considerably.

It has been held in this Court that a State employee in a State institution whose duties require her to come in regular contact with tubercular patients, and, who thereby contracts tuberculosis, is entitled to a recovery under the Workmen's Occupational Diseases Act, if the

requirements of Section 3 are met. *Wheeler* v. *State,* 12 C.C.R. 254.

Since respondent has not elected to come under said Act, a claimant must proceed under Section 3 thereof in a negligence action with certain defenses barred to respondent. *Wheeler* v. *State,* 12 C.C.R. 254; *Domke* v. *State,* 12 C.C.R. 451; *Norman* v. *State,* 16 C.C.R. 128; *Odle* v. *State,* 16 C.C.R. 183.

To be entitled to compensation under the Workmen's Occupational Diseases Act, a claimant must show that respondent violated:

1) A rule or rules of the Industrial Commission made pursuant to the Health and Safety Act of
2) A Statute of this State intended for the protection of the health of employees. *Domke* v. *State,* 12 C.C.R. 451.

Being a registered nurse, claimant is excluded from the benefits of ''An Act concerning the hours of employment of females in certain occupations'' since such Act by Section 1½ thereof does not apply to graduate nurses, it being clear that a registered nurse would also be a graduate nurse. Ill. Rev. Stat. 1949, Chap. 48, Secs. 5, 5a.

However, claimant is entitled to the benefits of ''An Act to promote the public health and comfort of persons employed by providing one day of rest in seven,'' which provides among other things that an employee in a hospital, etc., shall be allowed at least twenty-four consecutive hours of rest in every calendar week, in addition to the regular period of rest allowed at the close of each working day. Ill. Rev. Stat. 1949, Chap. 48, Sec. 8b. Cf. *Domke* v. *State,* 12 C.C.R. 451.

That such statute has been violated is shown by claimant's testimony, and such violation was negligence on the part of respondent under Section 3 of the Workmen's Occupational Diseases Act. That such violation

proximately resulted in the contracting of tuberculosis by claimant is virtually admitted in the Departmental Report of the Department of Public Welfare admitted in evidence in this case which states in part as follows:

". . . and the continuous employment (of claimant) as a nurse in various capacities at the Chicago State Hospital make(s) it very difficult to exclude service connected illness."

Claimant is, therefore, entitled to an award.

As to damages, there is evidence in the record to the effect that, with continued sanitorium confinement and medication, claimant's tuberculosis may become permanently arrested. We, therefore, conclude that claimant is entitled to an award of $2,000.00.

William J. Cleary & Co., Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Tearney. Charges in the amount of $57.40 were incurred, which are reasonable and customary, and an award is entered in favor of William J. Cleary & Co. for $57.40.

An award is entered in favor of claimant, Helen M. Kaspari, for $2,000.00.